**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JAMES Y.A. WANG, as Personal**
**Representative of the Estate of Irene Wang,**

    **Plaintiffs,**

v.                                                                       Case No.  8:07-cv-102-T-30MSS

**VICTOR WANG,**

    **Defendant.**

**UNITED STATES OF AMERICA,**

    **Intervenor.**
_____/

# ORDER

THIS CAUSE comes before the Court upon the United States of America's Motion to Dismiss or Strike Cross-Claim of Victor Wang (Dkt. 11), and Plaintiff's Response in opposition to the same.[1] The Court, having considered the motion, response, memoranda, and being otherwise advised in the premises, finds that the United States of America's Motion to Dismiss or Strike Cross-Claim should be granted as stated herein.

**Background**.

On or about May 18, 1998, Victor Wang and Angela Lynn Stanley[2], husband and wife, purchased certain real property located at 1001 Tocobaga Lane in Sarasota, Florida (the

---

[1] The Court notes that Plaintiff's Response was filed in related Case No. 8:06-cv-1924.

[2] Angela Stanley is now known as Angela Lynn Oujiri following her divorce from Victor Wang.

**"Tocobaga Property"**). On August 19, 1999, Victor Wang signed a Cooperation Agreement with the United States in United States v. Victor Wang, CR-99-0753 (E.D.N.Y.), in which he agreed to plead guilty to an information charging one count of conspiracy to commit securities fraud pursuant to 18 U.S.C. § 371, and one count of conspiracy to launder money pursuant to 18 U.S.C. § 1956(h). Pursuant to the Cooperation Agreement, Victor Wang agreed to consent to the entry of an order of forfeiture of $650,000.00 worth of certain assets. Victor Wang also acknowledged that he would have to pay restitution in an amount to be determined pursuant to 18 U.S.C. § 3663. On December 16, 1999, the Honorable Judge John Gleeson, United States District Court for the Eastern District of New York, entered a Preliminary Order of Forfeiture authorizing the United States to seize $650,000.00 from investment accounts held by Victor Wang and Angela Stanley.

On December 27, 2000, Victor Wang entered into a Superceding Cooperation Agreement in United States v. Victor Wang, CR-00-1119 (E.D.N.Y.). Pursuant to the Superseding Cooperation Agreement, Victor Wang agreed to plead guilty to another information charging conspiracy to commit securities fraud pursuant to 18 U.S.C. § 371. On March 28, 2002, after Victor Wang pled guilty to conspiracy to commit securities fraud but prior to sentencing, he executed a quit-claim deed conveying his interest in the Tocobaga Property to himself and his mother, Irene Wang, as joint tenants with the right of survivorship (hereinafter, the **"Tocobaga QC Deed"**). On April 29, 2002, Victor Wang recorded the Tocobaga QC Deed with the Clerk of Court of Sarasota County, Florida.

On December 13, 2002, Victor Wang was sentenced jointly in Case Nos. CR-99-0753 and CR-00-1119, and ordered to pay restitution in the amount of $11,129,582.00. On January 16, 2004, the United States recorded a notice of lien pursuant to the Mandatory Victims Restitution Act, codified in relevant part at 18 U.S.C. §3613 (the "MVRA"), with the Clerk of Court in Sarasota County. The lien encumbered the Tocobaga Property.

On September 8, 2005, Plaintiff, Irene Wang, sued the United States in the Circuit Court for the Twelfth Judicial Circuit in and for Sarasota County, Florida, seeking a declaratory judgment regarding Irene Wang's interest in the Tocobaga Property. Later that month, on September 16, 2005, Irene Wang died. The United States removed the action to this Court on October 17, 2005 [3] (hereinafter referred to as "Wang I"), and filed its Answer, Counterclaim and Third-Party Complaint on November 21, 2005. In addition to Counterclaims against Irene Wang, the answer asserted third-party claims against Victor Wang and James Wang, the widower of Irene Wang. In the Counterclaim and Third-Party Complaint, the United States asserts, among other claims, that Victor Wang's transfer by quitclaim of an interest in the Tocobaga Property to Irene Wang on March 28, 2002, was a fraudulent conveyance.

On or about November 30, 2005, the Tocobaga Property was sold to an independent buyer, Michael Vaccaro. Outstanding mortgages, property taxes, back child support as well as other liens were satisfied by payments tendered at the closing of the sale. The net proceeds

---

[3] See James Y.A. Wang, Executor of the Estate of Irene Wang and James Wang, Individually v. United States of America, 8:05-cv-1924-JSM-MSS.

of the sale, in the amount of $1,012,759.32, have been deposited with the Clerk pending a resolution of the dispute among the Wangs and the United States as to the interests, if any, of Irene Wang's estate, Victor Wang and/or James Wang in the proceeds from the sale of the Tocobaga Property.

On February 13, 2006, Plaintiffs, James Wang, as the executor of the estate of Irene Wang, and James Wang, individually, filed an Amended Complaint seeking declaratory judgment relief on behalf of Irene Wang's estate and James Wang by demanding the imposition of a constructive trust against the escrow proceeds from the sale of the Tocobaga Property. James Wang is Irene Wang's surviving husband and sole beneficiary of her estate and is currently a resident of the State of New York.

On July 28, 2006, James Wang, as personal representative of the estate of Irene Wang, filed an action against Victor Wang in the Circuit Court for the Twelfth Judicial Circuit in and for Sarasota County, Florida. In this action, James Wang sought reformation of the Tocobaga QC Deed, arguing that the original intent of the parties was for the Tocobaga Property be conveyed to Victor Wang and Irene Wang as joint tenants *without* the right of survivorship. James Wang argued further that the conveyance of the property as joint tenants *with* the right of survivorship was due to a scrivener's error and mutual mistake among the parties. The United States claims that it was not notified of this action for reformation of the deed until two months after the complaint was filed.[4] Upon receiving notice, the United States intervened in

---

[4] The United States also claims that it was not provided notice of a prior motion for reformation of the deed filed with the Probate Division of the Twelfth Judicial Circuit in connection with the disposition of Irene Wang's estate. The probate judge dismissed the motion, finding that the claim for reformation was not
(continued...)

the action and removed it to this Court. This action for reformation of the Tocobaga QC Deed, James Y.A. Wang as Personal Representative of the Estate of Irene Wang v. Victor Wang, 8:07-cv-102-JSM-MSS, shall hereinafter be referred to as "Wang II."

The United States filed an Answer and Affirmative Defenses to the Complaint in Wang II, along with a Cross-Claim against Victor Wang and a Counterclaim against James A. Wang, as Executor of the Estate of Irene Wang, seeking a declaratory action to determine the status of the Tocobaga QC Deed. In response, Victor Wang filed a Cross-Claim in the form of a declaratory action (Dkt. 148), claiming that the Tocobaga Property was his homestead property, and that as such all proceeds derived from its sale are protected from the government's lien pursuant to the Florida Constitution. The Court notes that although Victor Wang's Cross-Claim specifically responds to the United States' Answer, Counterclaim and Cross-Claim as Intervenor in Wang II, Victor Wang has only filed the document in the Wang I action.[5] In response to Victor Wang's Cross-Claim, the United States filed the instant Motion to Dismiss or Strike Cross-Claim of Victor Wang in both Wang I and Wang II. The Clerk has thus be directed to terminate Victor Wang's Answer, Affirmative Defenses, and Cross-Claim in Wang I (Dkt. 148) and docket the same in Wang II.

---

[4](...continued)
a probate matter, and noted that the United States should be notified of any proceeding affecting its lien.

[5] The document filed by Victor Wang contains the captions of both the Wang I and the Wang II actions.

**Discussion.**

In support of its Motion, the United States argues that on March 15, 2007, this Court denied Victor Wang's Motion for Leave to Add Victor Wang as a Plaintiff and to add Affirmative Defenses of Victor Wang (Dkt. 149) in Wang I. This Motion sought to (I) add Victor Wang as a Third Party Plaintiff in Wang I, (ii) add a count to the Amended Complaint for declaratory relief asserting Victor Wang's homestead rights to the Tocobaga Property pursuant to the Florida Constitution, and (iii) add an affirmative defense to the United State's counterclaim asserting that the Tocobaga Property was subject to Victor Wang's homestead rights pursuant to the Florida Constitution.

Victor Wang argues that the Court denied this prior Motion in Wang I as a matter of procedure, and that the issue has not been decided as a matter of law. As discussed during oral argument on the instant motion, held on August 9, 2007, the Court agrees. However, as argued by the United States during oral argument, the federal lien on the Tocobaga Property supercedes the homestead protections of the Florida Constitution.

Pursuant to 18 U.S.C. § 3613 (c), a lien imposed by the United States in connection with an order for restitution "is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for tax assessed under the Internal Revenue Code of 1986." Pursuant to the Supremacy Clause of the United States Constitution, the Laws of the United States preempt conflicting state statutes. U.S. Const. art. VI, cl. 2. The Supreme Court has established that state homestead laws are preempted by federal tax collection laws. United States v. Rogers, 461 U.S. 677, 701 (1983);

United States v. Mitchell, 403 U.S. 190, 205 (1971). This principle has been specifically applied within the Middle District of Florida. See United States v. Persaud, 235 F.R.D. 696, 703 (M.D. Fla. 2005) (holding a "delinquent taxpayer's interest in tenancy-by-the-entireties is not exempt from a federal income tax lien, and such a lien may be foreclosed by the judicial sale of homestead property."); Croft v. Croft, 2005 WL 1571920 * 3 (M.D. Fla. Jun. 30, 2005) (noting that "the Florida state exemption statute for homestead property does not avoid a federal tax lien."); United States v. Stalker, 2000 WL 1175715 * 2 (M.D. Fla. 2000) (noting that it "has long been established that Florida's Homestead exemption does not erect a barrier around a taxpayer's home sturdy enough to keep out the Commissioner of the Internal Revenue Service"). Furthermore, the Florida Constitution provides that judgments, decrees, or executions for payment of taxes and assessments are exceptions to Florida's homestead exemption. Fla. Const. art. X, § 4(a).[6]

In a recent decision, the First Circuit specifically addressed whether a restitution order imposed pursuant to the MVRA allowed the government to garnish the sale proceeds of a house that a debtor had attempted to exempt from the reach of creditors in a Chapter 7 bankruptcy proceeding. United States v. Hyde, 2007 WL 2253522 * 2 (1st Cir. Aug. 6, 2007). In Hyde, the defendant contended that the Massachusetts homestead exemption trumped the government's authority to garnish the sale proceeds of his home to satisfy a restitution order

---

[6] The Eleventh Circuit has also held that federal asset forfeiture laws supercede Florida's homestead protections. See United States v. 817 N.E. Drive, Wilton Manors, Florida, 175 F.3d 1304, 1311 n. 14 (11th Cir. 1999) (holding forfeiture of home did not violate the Homestead Provision of the Florida Constitution as "[F]ederal forfeiture law . . . preempts states law."); United States v. 3262 Southwest 141 Ave, 33 F.3d 1299, 1301 n. 6 (11th Cir. 1994) (noting "[W]e have held that federal forfeiture law preempts the Florida homestead exemption from forfeiture.").

imposed under the MVRA.[7] Id. The First Circuit held that garnishment of the sale proceeds was proper, reasoning that the government's lien was equivalent to a tax lien and noting that it is "well established that the Supremacy Clause provides the underpinning for the Federal Government's right to sweep aside state-create exemptions in the face of tax liability." Id. at * 4, n. 7; see also United States v. Lampien, 89 F.3d 1316, 1321 (7th Cir. 1996) ("[I]f the Wisconsin homestead exemption applies to . . . prevent any part of the proceeds from the sale of [defendant's] home from being used to satisfy her restitution obligation, the homestead exemption is void under the Supremacy Clause."); United States v. Jaffe, 314 F.Supp.2d 216, 227 (S.D.N.Y. 2004) ("Florida homestead law will not protect [defendant] with respect to his duty to provide restitution to his victim [under the MVRA]."

Pursuant to the Supremacy Clause, the right of the United States to enforce its lien on the Tocobaga Property supercedes any homestead rights Victor Wang may have in the property. Thus, the validity of Victor Wang's homestead rights, if any, is immaterial to the instant action.[8] Accordingly, Victor Wang's Cross-Claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

It is therefore ORDERED AND ADJUDGED that:

1. The United States of America's Motion to Dismiss or Strike Cross-Claim of Victor Wang (Dkt. 11) is **GRANTED**.

---

[7] The defendant in Hyde claimed that the MVRA must yield to the "fresh start" policy behind the Bankruptcy Code. The Court rejected this argument, which is not at issue in the instant action.

[8] The Court notes that the validity of the United States' lien is still at issue in this action. However, to the extent that it is valid, the lien is superior to any homestead rights Victor Wang might have in the property.

2.  The Cross-Claim of Victor Wang contained within his Amended Answer, Affirmative Defenses, and Cross-Claim (Dkt. 12), is hereby **DISMISSED with prejudice**.

**DONE** and **ORDERED** in Tampa, Florida on August 24, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2007\07-cv-102.mt strike cross-claim.frm